George **DEUKMEJIAN, Attorney General of the State of California,** Plaintiff-Appellant,

v.

**UNITED STATES POSTAL SERVICE,** Defendant-Appellee.

CA No. 82–6122.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1983.

Decided June 5, 1984.

---

Owen Lee Kwong, Deputy Atty. Gen., Los Angeles, Cal., for plaintiff-appellant.

Peter R. Osinoff, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before FARRIS and REINHARDT, Circuit Judges, and MUECKE,* District Judge.

PER CURIAM:

The California Attorney General appeals from a summary judgment entered in favor of the United States Postal Service. The district court held that the Postal Service properly denied the Attorney General's application to mail class action cash refund notices at special third class bulk mailing rates. We affirm.

In 1980, the Attorney General and Levi Strauss & Co. settled an antitrust class action for $12.25 million. The AG concluded that direct mailings would be the most effective way to notify the class. To lower the cost of mailing, he applied to the Postal Service for special third class bulk rates under the "philanthropic organization" classification in Domestic Mail Manual (DMM) § 623.234.[1]

---

* Honorable C.A. Muecke, Chief Judge, United States District Court for the District of Arizona, sitting by designation.

1. Section 623.234 contains the following definition: *"Philanthropic (Charitable).* A nonprofit organization organized and operated for purposes beneficial to the public. Note: a. Examples ... include those which are organized to: (1) Relieve the poor ... (2) Advance religion. (3) Advance education ... (4) Erect or main-

The Los Angeles Mail Classification Center rejected the application, stating that the AG (a) was ineligible under DMM § 623.4 [2] and (b) failed to meet the standard of "primary purpose" for a non-profit, philanthropic organization as prescribed by DMM §§ 623.22 and 623.234. The AG's appeal to the Division of Mail Classification in Washington, D.C. was denied in a "final agency decision" in accordance with DMM § 642.3. The AG petitioned the Los Angeles Mail Classification Center for reconsideration, and the Domestic Mail Classification Division Manager affirmed the decision of the Postal Service after reviewing the petition and evidence. While reconsideration was pending, the AG mailed 8,534,477 consumer cash refund notices at a total cost of $571,849.96, paid out of the Levi Settlement Fund.

On December 7, 1981, the AG filed a complaint in the district court, alleging that the Postal Service's denial of its application for special third class bulk rates was arbitrary and capricious, an abuse of discretion and incorrect as a matter of law. He also charged that DMM §§ 623.2–623.4 were unconstitutional. The complaint requested the district court to declare the denial of the application unlawful and to enjoin the Postal Service from refusing third class bulk rates to the AG. The AG also sought a refund of the amount spent for postage in excess of special third class rates.

When both parties moved for summary judgment, the district court granted the Postal Service's motion, after which the AG filed a timely notice of appeal.

■■■ In reviewing a motion for summary judgment, we must determine whether there exist any genuine issues of material fact and whether the district court correctly applied the substantive law in ruling on the motion. *Ferguson v. Flying Tiger Line, Inc.*, 688 F.2d 1320, 1322 (9th Cir. 1982). Summary judgment is proper if, after viewing the evidence in the light most favorable to the party opposing the motion, the movant is clearly entitled to prevail as a matter of law. *Id.* Whether the AG qualified under the applicable provisions is a question of law. There are no disputed questions of fact. The issue is whether the district court interpreted the law correctly.

■■■ The Postal Service has discretion regarding an applicant's qualifications for a special mailing rate. *Bates & Guild Co. v. Payne*, 194 U.S. 106, 24 S.Ct. 595, 48 L.Ed. 894 (1904); *Sierra Club, Inc. v. United States Postal Service*, 549 F.2d 1199 (9th Cir.1977). A court reviewing the rate determination of the Postal Service should presume that the determination is correct, and should not reverse unless the determination is so arbitrary and capricious as to be an abuse of discretion or unconstitutional. *Sierra Club, supra*, at 1201. On the other hand, while an agency's interpretation of its own regulations is entitled to considerable deference by the court, the agency's interpretations are not conclusive, and courts are not bound by them. *McCoog v. Hegstrom*, 690 F.2d 1280, 1284 (9th Cir.1982). "[T]he deference due an administrative interpretation of an agency's own regulation depends upon its consistency with earlier agency pronouncements, the purpose and wording of other agency regulations, and the purposes of the relevant statutes [citations omitted]." *Id.; see also United States v. Larionoff*, 431 U.S. 864, 872–73, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977).

tain public buildings ... (5) Lessen the burdens of government. (6) Promote social welfare for any of the above purposes or to lessen neighborhood tensions, to eliminate prejudice and discrimination, to defend human and civil rights secured by law; or to combat community deterioration and juvenile delinquency."

**2.** 623.4 *Ineligible organization* ... In general, state, county and municipal government are not eligible for the special bulk rates. However, a separate and distinct state, county or municipal governmental organization which meets the criteria for any one of the specific categories in 623.2 may be eligible, notwithstanding its governmental status. For example, school district and public libraries may be eligible under 623.-232 (educational). Nevertheless, governmental organizations will normally not be eligible under 623.234 (philanthropic), since their income is generally not derived primarily from voluntary contributions or donations.

The district court applied a more stringent standard of review than required, but agreed with the result reached by the Postal Service. After thoroughly reviewing the matter, we affirm. The district court held that the Attorney General's Office is a state agency, supported by taxes and court awards, whose primary duty is law enforcement, and that the AG's function as a class representative was incidental to its law enforcement purposes. The AG's Office is not organized primarily for philanthropic purposes and, as a state government agency, its income is not derived primarily from voluntary contributions. The district court properly held that the AG is not eligible for special postal rates under the regulations.

AFFIRMED.