870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph v. BARTLOMAIN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 88-3529.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1989.
 
 Before RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Joseph V. Bartlomain, sued his former employer, the United States Postal Service (USPS) in federal district court, alleging that the USPS violated its own regulations and the Fair Labor Standards Act (FLSA) by refusing to pay Bartlomain overtime compensation for certain commuting time. Before trial the parties filed cross-motions for summary judgment. The district court granted the defendant's motion and dismissed the entire action. Although plaintiff is uncertain whether the district court based its decision on jurisdictional or substantive, legal grounds, Bartlomain appeals, arguing that jurisdiction was proper and that he has viable claims based on violations of both the FLSA and the USPS employee relations regulations. Finding the defendant entitled to judgment on the substantive claims, we affirm the decision of the district court.[1]
 
 I.
 
 2
 The plaintiff was formerly the postmaster of the Warren, Ohio, Post Office. In his position as postmaster, Bartlomain was a pay level 22 employee, and was exempt from the overtime compensation provisions of the FLSA.
 
 
 3
 On October 29, 1985, the defendant employer temporarily assigned Bartlomain to the position of delivery service analyst at a post office in Cleveland, Ohio. The reassignment was originally scheduled to last one month, although it was subsequently extended so that Bartlomain worked in Cleveland for almost three months. Although the delivery service analyst position was a pay level 15 position, the USPS continued to compensate Bartlomain at his pay level 22 rate. Unlike the postmaster position, the delivery service analyst position was not FLSA exempt.
 
 
 4
 The driving distance between Warren and Cleveland is greater than fifty miles, meaning that the USPS, according to its regulations, considered Bartlomain's assignment to be outside his local commuting area. The defendant suggested that Bartlomain stay in a Cleveland hotel, at the defendant's expense, during the period of his reassignment. Bartlomain declined, saying he preferred to commute to and from work every day. Because the combination of Bartlomain's work and travel time added up to more than ten hours daily, Bartlomain was entitled to travel reimbursement and a per diem allowance. Bartlomain understood this, and regularly submitted detailed travel vouchers during the period of his reassignment. The USPS also recognized that Bartlomain was entitled to travel expenses, so it consistently paid him a per diem allowance and reimbursed him for tollway fees and mileage traveled (based on USPS reimbursement rate of .20cents per mile). On all of his time sheets, Bartlomain indicated that he worked eight-hour days, meaning he was not claiming that his travel time constituted hours worked.
 
 
 5
 However, in February of 1986, less than a month after his assignment in Cleveland ended, Bartlomain wrote to the USPS requesting a pay adjustment for over 120 hours of overtime. Bartlomain claimed that the time he spent traveling to and from work was compensable, and that he was eligible to receive overtime pay.
 
 
 6
 Ruth Homer, the appropriate USPS official, denied plaintiff's request for overtime compensation. Homer arranged for two of her superiors to review her decision on this question, and they too agreed that Bartlomain was not entitled to compensation for the time he spent commuting. Bartlomain disagreed, and brought this action against the USPS in federal court, alleging that the denial of overtime compensation violated postal service regulations and the Fair Labor Standards Act.
 
 II.
 
 7
 In its decision granting defendant's motion for summary judgment, the district court did not expressly indicate whether it based its opinion upon defendant's argument that the court lacked jurisdiction or, alternatively, upon the ground that the USPS was entitled to prevail as a matter of law. While the parties before this court present arguments on both issues, we decline to rule on the jurisdictional question. Because we believe the district court based its opinion on the substantive, legal question, and because we find dismissal on substantive grounds to have been appropriate, we affirm the district court without addressing the arguments relating to jurisdiction.
 
 III.
 
 8
 Plaintiff's primary contention is that the USPS acted in contravention of its own regulations and policies in denying his claim for overtime compensation. Both parties agree that the question of whether Bartlomain is entitled to overtime pay hinges upon an interpretation of Part 438 of the USPS's Employee and Labor Relations Manual (ELRM).[2] This part of the ELRM treats the issue of "Pay During Travel or Training." While the manual clearly provides that the time spent commuting between a work station and the employee's residence is generally not compensable, ELRM section 438.12, the guidelines establish three situations, sections 438.132 through 438.134, in which travel may be compensable. The parties agree that Bartlomain's situation clearly was not covered by the first provision, ELRM section 438.132, involving "Travel from Job Site to Job Site." The crucial issue is thus whether Bartlomain's situation constituted a "One Day Assignment Outside the Local Commuting Area," ELRM section 438.133, or whether Bartlomain came under the rules governing "Travel Away from Home Overnight," ELRM section 438.134. If Bartlomain qualified under 438.133, his travel time is compensable, while if he came under 438.134, he is not entitled to overtime pay.
 
 
 9
 Bartlomain argues that his travel fit neatly within the language of ELRM section 438.133, which holds, in relevant part: "[T]ime spent at any time during a single service day by an eligible employee in travel on Postal Service business to one or more locations outside of the local commuting area and back to the home community is compensable." Bartlomain's argument is a strong one, as on each single service day for which he, an eligible employee, claims compensation, Bartlomain did leave and return to his local commuting area on Postal Service business. However, despite Bartlomain's attempt to diminish the significance of the provision's caption, the heading to 438.133 clearly suggests that the rule is to apply to employees on one day assignments outside their local commuting areas. Bartlomain was assigned to Cleveland for a one-month period which was immediately followed by another, longer assignment. (App. 81-82). Although Bartlomain might otherwise qualify under the literal language of section 438.133, he clearly was not an employee on a one-day assignment.
 
 
 10
 The USPS suggests that Bartlomain was covered by ELRM section 438.134, dealing with "Travel Away from Home Overnight." This rule holds that travel time spent by an employee during that employee's working hours is compensable when the employee remains overnight outside his local commuting area. Because all of Bartlomain's traveling was done before and after his normal work hours, this section would call for treating the travel time as non-compensable. Like section 438.133, however, this section does not neatly correspond to Bartlomain's situation, as Bartlomain did not stay overnight in Cleveland. Thus, the regulations clearly cover the situation in which an employee commutes to a location outside his local commuting area on a one-day assignment (438.133), and circumstances involving travel away from home--of any duration--accompanied by an overnight stay (438.134). However, there is nothing to indicate whether the rules of section 438.133 or those of section 438.134 should govern the situation in which a postal employee commutes more than 50 miles to and from a location to which he has been temporarily assigned for an extended period.
 
 
 11
 The defendant presents a colorable argument justifying its interpretation, which calls for application of the section 438.134 rules. The USPS argues that while it is true that Bartlomain did not stay overnight in Cleveland, he was given that option. In fact, the rules as drafted presume that one on lengthy assignment away from home will stay overnight. Rather than staying at a hotel in Cleveland at the USPS's expense, however, Bartlomain decided--for his own convenience--to commute the approximately seventy miles each way. While the defendant accepted this arrangement and paid Bartlomain the per diem expenses to which he was entitled,[3] the defendant argues that this is not enough to move Bartlomain out from under section 438.134's coverage.
 
 
 12
 Bartlomain of course argues that section 438.133 is more appropriate, but we need not decide between the two. The resolution of this case hinges upon interpretation of postal service regulations. A reviewing court must accept an administrative agency's interpretation of its own regulations so long as that interpretation is not arbitrary, capricious, unconstitutional, or inconsistent with the clear purpose of the regulation. Gardebring v. Jenkins, --- U.S. ----, 108 S.Ct. 1306 (1988); United States v. Larionoff, 431 U.S. 864 (1977); Udall v. Tallman, 380 U.S. 1 (1965); Fluor Constructors, Inc. v. Occupational Safety & Health Review Commission, 861 F.2d 936 (6th Cir.1988); Fox v. Bowen, 835 F.2d 1159 (6th Cir.1987); University of Cincinnati v. Heckler, 733 F.2d 1171 (6th Cir.1984). There is no question that this rule applies with full force to United States Postal Service interpretations of its regulations. Deukmejian v. United States Postal Service, 734 F.2d 460 (9th Cir.1984); United States v. Leonard, 524 F.2d 1076 (2d Cir.1975), cert. denied, 415 U.S. 958 (1976). The defendant's interpretation is clearly not arbitrary, unconstitutional, or contrary to the language or purpose of ELRM section 438. The USPS thus did not violate its own regulations by holding that Bartlomain's travel time was made non-compensable by section 438.134.
 
 IV.
 
 13
 The parties agree that if Bartlomain's claim under the ELRM fails, so too does his action under the FLSA. According to FLSA section 207(a)(1), 29 U.S.C. Sec. 207(a)(1), an eligible employee is entitled to be paid at a rate not less than one and one-half times his regular rate for all time worked in excess of forty hours per week. While the meaning of "hours worked" under the FLSA is potentially broad enough to include travel time, the Portal-to-Portal Act, 29 U.S.C. Sec. 251, et seq., makes many travel activities non-compensable. The applicable provision of this legislation, 29 U.S.C. Sec. 254, holds:
 
 
 14
 (a) Activities not compensable
 
 
 15
 Except as provided in subsection (b) of this section, no employer shall be subject to any liability or punishment under the Fair Labor Standards Act ... on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee ...
 
 
 16
 (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform....
 
 
 17
 (b) Compensability by contract or custom
 
 
 18
 Notwithstanding the provisions of subsection (a) of this section which relieve an employer from liability and punishment with respect to an activity, the employer shall not be so relieved if such activity is compensable by either--
 
 
 19
 (1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or
 
 
 20
 (2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee is employed, covering such activity....
 
 
 21
 Because the ELRM has not made the travel time involved in this case compensable, there is no contract, custom, or practice calling for payment of overtime compensation. Hence, 29 U.S.C. Sec. 254 mandates that Bartlomain's travel time not constitute "hours worked" under the FLSA. Since the plaintiff cannot prevail, as a matter of law, on either the ELRM-based or FLSA claims, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Robert Holmes Bell, United States District Court, Western District of Michigan, sitting by designation
 
 
 [1]
 We express no opinion on the jurisdictional issue argued by defendant
 
 
 [2]
 Initially, the defendant attempted to argue that because it paid Bartlomain a postmaster's salary at all times, Bartlomain was not entitled to overtime compensation, as all agree that postmasters are not eligible for overtime pay. However, ELRM section 434.143(a) makes clear that Bartlomain was eligible for overtime compensation while working in Cleveland, stating:
 If the employee's permanent position is either exempt or nonexempt and 50% or more of the actual work hours are spent in nonexempt work, the employee ... must be paid either postal or FLSA overtime, whichever is greater, for all hours worked in excess of 8 paid hours in a day or 40 paid hours in the week.
 
 
 [3]
 At various points, Bartlomain seems to argue that the defendant, by paying him per diem and travel expenses, was somehow admitting that Bartlomain's time was compensable. This is not a persuasive argument. The rules governing per diem and travel allowances are designed to reimburse employees for all expenses incurred in connection with official business. United States Postal Service Handbook F-10, Travel, App. at 194. The rules are completely unrelated to the ELRM section 438 rules determining when time spent traveling is compensable. The fact that the defendant considered Bartlomain's travel time in computing the per diem allowance to which he was entitled says nothing about whether that travel time is compensable. See ELRM section 438.16 holding that "[t]he rules stated in this section 438.1 do not affect the entitlement of employees to other types of reimbursement under applicable regulations, such as reimbursement of certain travel expenses and per diem."