ORCHESTRA, INC., Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
et al., Defendants.

Civ. A. No. 87–1005.

United States District Court,
District of Columbia.

July 18, 1989.

Douglas Calhoun, Calhoun & Brady, Spring Lake Heights, N.J., Loreen M. Marcil, Sidley & Austin, Washington, D.C., for plaintiff.

Patricia Carter, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiff Orchestra, Inc. (Orchestra) is a non-profit and tax-exempt organization which is authorized by the Postal Service to mail its materials at a special rate available for non-profit educational organizations. In June 1986 the General Manager of the Customer Field Support Division (General Manager) at the United States Postal Service Headquarters ruled that plaintiff could not mail one of its publications, *Musical Heritage Review* (the *Review*), at the taxpayer-subsidized special bulk third-class postal rates. In a finding that permitted Orchestra to continue to mail its own material at non-profit rates, the General Manager determined that the contents of the *Review* were directed at sales of classical records for the Musical Heritage Society, a for-profit record club, rather than "distributed solely in the interest of Orchestra, Inc." In this ruling plaintiff was also assessed postage for *Review* mailings *prior* to the General Manager's June 1986 ruling. Plaintiff appealed this decision to the Director of the Office of Classification and Rates Administration (Director). Plaintiff also brought suit in this court, seeking to overturn the General Manager's ruling. Those proceedings were stayed pending "final and conclusive agency action." *Memorandum Opinion* (December 7, 1987) at 5.

In February 1988 the Director affirmed the General Manager's finding that the *Review* could not be mailed at the special third-class rates, but overruled the General Manager's decision to assess plaintiff for postage due prior to the General Manager's June 1986 ruling. Plaintiff informed the court that it did not intend to appeal the Director's February 29, 1988 decision. Instead, the action returned to this court and plaintiff moved for summary judgment, seeking a refund of the difference between the regular bulk third-class postage rate, applicable to any bulk mailer, and the special bulk third-class postage rate between the General Manager's June 1986 decision and the Director's affirmance in February 1988. On August 29, 1988 the court again remanded to the Postal Service for its review and final administrative decision on that discrete issue.

On September 27, 1988 the Director, relying on Domestic Mail Manual (DMM)

§§ 623.51, 623.52, 133, ruled that the operative date for assessment of higher rates was the date that the General Manager ruled that the content of the *Review* did not qualify as non-profit material, and, therefore, plaintiff was not entitled to a refund for the period between the General Manager's ruling and the Director's final ruling. The Director found that *Review* constituted an "improper cooperative mailing" between Orchestra and Musical Heritage Society under § 623.52 and as such was appealable under the "procedures set forth in section 133 of the Manual." Back in this court once again, defendants have moved to dismiss this action. Plaintiff responded with its own summary judgment motion, asserting that the provisions on which defendants rely, §§ 623.51, 623.52, 133, do not apply to the subject matter of the present dispute. Instead plaintiff argues that § 643, which governs appeals if a *permit* to mail at the special bulk rates is revoked, is the controlling section, and, pursuant to that provision the effective date for higher postage rates was the date on which the Director rendered his final decision (September 1988) rather than when the General Manager made his initial determination (June 1986). The only issue remaining in this case is whether the appeal provision governing the revocation of an organization's mailing permit or the appeal provision governing a ruling that the content of the mailing is ineligible for special rates applies to the facts of this case. We are constrained from engaging in *de novo* review of the Director's action and may only overturn the decision if it is "clearly wrong." *Deukmejian v. United States Postal Service,* 734 F.2d 460, 462 (9th Cir.1984).

The bible of the United States Postal Service is the Domestic Mail Manual,[1] which contains, *inter alia*, various regulations governing eligibility to mail at special third-class rates (§ 623), the types of material that may be mailed by non-profits (§ 623.51), application procedures (§ 642), as well as the regulations governing appeal procedures. Section 623, entitled *Special*

*Bulk Rates,* contains general provisions governing an organization's eligibility to mail at the special non-profit rates. Section 623.2, for example, outlines the types of organizations that qualify for special mailing permits. Section 623.5 governs the types of material that can be mailed:

> An organization authorized to mail at the special bulk rates may mail only its own matter at those rates. An organization may not delegate or lend the use of its permit at the special bulk rate to any other person or organization. .

Section 623.52, which describes the parameters of cooperative mailing such as the Orchestra/Musical Heritage Society *Review* mailing, also describes the appeal process: "... [i]f customers disagree with a postmaster's decision that the regular rate of postage applies to a particular mailing, they may appeal the decision in accordance with 133." Section 133 provides that pending resolution of an appeal the mailer can deposit an amount with the postmaster equal to cover the postage at the higher rate. If the appeal is successful the deposit will be returned to the organization. The deposit requirement makes it clear that the additional postage is due as of the date of the General Manager's ruling *unless* the appeal is successful. In fact, plaintiff followed the procedures for appeal under section 133 and placed an amount adequate to cover postage at the higher rate with the postmaster.

Plaintiff, however, contends that its permit to mail the *Review* was revoked pursuant to § 643. Under this section the operative date would be February 29, 1988, the date the Director affirmed the General Manager's decision. Plaintiff asserts that a revocation triggers the appeal process outlined in that same section. Section 643.-1, entitled *Revocation for Cause,* states that authorization will be revoked if a determination is made that an organization was not qualified at the time of its application or if the organization subsequently becomes unqualified. If a permit is re-

---

**1.** The DMM is incorporated by reference into the Code of Federal Regulations at 39 C.F.R.  § 111.1

voked, an appeal may be taken. However, unlike sections 623.52 and 133, section 643.1 clearly states that the Director, rather than the General Manager, is charged with making the final decision and that the General Manager's decision to revoke a permit is not effective if a timely appeal is taken.

Considering the full record of this case plaintiff cannot seriously contend that its permit to mail at special non-profit rates has been revoked. Clearly Orchestra still enjoys that privilege. In fact, the General Manager's June 4, 1986 ruling specifically addressed that issue. In that ruling the General Manager stated that Orchestra was "eligible to retain its authorization to mail at the special bulk rates as a non-profit educational organization as defined in section 623.22, Domestic Mail Manual." [2] Moreover, section 133 clearly applies to the facts of this case because the General Manager's decision that the regular rate of postage must be charged applies only to the *Review* and not to all material Orchestra might send. The court, therefore, finds that plaintiff is not entitled to a refund of the postage due on its mailings between the time that the General Manager issued his opinion and the Director's final review. This case presents a clear and uncomplicated reading of the regulation, which both the General Manager and Director have properly interpreted. Plaintiff continues to enjoy a special bulk mailing permit. Only its right to mail certain unqualified material has been curtailed.

It is, therefore, this 17th of July 1989

ORDERED that defendants' motion for summary judgment is granted and this action shall stand dismissed. An order consistent with the foregoing has been entered today.

---

**2.** Plaintiff's reliance on *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97 (2d Cir.1981), is equally misplaced. The gravamen of the complaint in *Contemporary Mission* was that the Postal Services' investigation of plaintiffs' entitlement to a non-profit permit was

---

motivated by a desire to harass plaintiffs for their religious beliefs rather than a legitimate desire to investigate plaintiffs' continued right to a permit. Nor are the procedural matters discussed in the opinion relevant to the instant proceeding.