**Gary D. SMIDDY, Plaintiff-Appellee,**

v.

**Dudley D. VARNEY, Sidney Nuckles, Raymond Inglin, Defendants-Appellants.**

**Nos. 83–6507, 85–5687 and 85–6007.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 1985.

Decided Nov. 6, 1986.

See also 574 F.Supp. 710.

Michael Lightfoot, Carla Woehrle, Talcott, Vandevelle & Woehrle, Los Angeles, Cal., for plaintiff-appellee.

Richard M. Helgeson, Asst. City Atty., Los Angeles, Cal., for defendants-appellants.

Before GOODWIN and NELSON, Circuit Judges, and SCHWARZER, District Judge *.

GOODWIN, Circuit Judge:

This case is before us for the second time.[1] In this appeal we must decide whether the district court correctly resolved the remanded question: whether the police officers were liable for damages incurred after the prosecutor filed the criminal complaint against Smiddy. We must also consider the award of attorneys' fees.

Gary Smiddy brought this action in 1976 under 42 U.S.C. § 1983 against the City and County of Los Angeles and certain employees of the Los Angeles Police Department. He sought damages caused by his arrest without a warrant or probable cause in violation of his constitutional rights. Officers Varney and Nuckles arrested him for murder on November 15, 1973. He was identified to them as the last person seen with the deceased. Four days later, a deputy district attorney filed a criminal complaint charging Smiddy with the murder of the victim.

After a preliminary hearing before a municipal court, Smiddy was bound over to the superior court. He was incarcerated approximately 30 days from the time of his arrest until December 15, when he was released on bond. On January 23, 1974, a judge of the superior court dismissed the murder charge, finding it unsupported by probable cause.

Following a seven-week trial, a civil jury found that the officers had no probable cause for Smiddy's arrest and assessed his

---

* The Honorable William W Schwarzer, United States District Judge, Northern District of California, sitting by designation.

1. The first decision, *"Smiddy I,"* is reported at 665 F.2d 261 (9th Cir.1981) *cert. denied,* 459 U.S. 829, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982). It reviews in greater detail the facts leading to the wrongful arrest and imprisonment.

damages at $250,000. The verdict and judgment assessed all damages as caused by the arrest. The verdict also supports an inference that the jury found that Varney and Nuckles were not entitled to a defense of good faith belief that probable cause existed. *Smiddy I,* 665 F.2d at 266.

Because the trial court had failed to consider the legal effect of the district attorney's filing of the murder complaint on Smiddy's continuing loss of liberty, *Smiddy I* reversed the judgment. The award of damages was vacated for retrial pursuant to *Smiddy I.* We also remanded the award of attorneys' fees for reconsideration after proper review of the damages in light of this court's opinion.

*Smiddy I* held that there is a rebuttable presumption that a prosecutor exercises independent judgment regarding the existence of probable cause in filing a complaint. The presumption can be overcome, for example, by evidence that the officers knowingly submitted false information or pressured the prosecutor to act contrary to her independent judgment. *Smiddy I* at 266–267. Unless overcome, however, the presumption insulates the arresting officers from liability for harm suffered after the prosecutor initiated formal prosecution. *Smiddy I* at 267. The error of the original verdict was that it made the officers liable for damages attributable to the entire period in custody without ever considering the effect of the complaint and bind over.

On remand, the district court concluded that, despite the failure of the jury to consider the question, the record showed that the prosecutor's filing of the complaint was a "normal, foreseeable, and direct consequence" of the officers' negligent conduct. This assumption might have had some validity had it been made by the jury on proper instructions. The court apparently thought, however, that this conclusion was compelled by the jury's failure to exonerate the officers from all liability by rejecting the good faith defense. The court concluded also that the prosecutor could not be said to have exercised independent judgment as to the existence of probable cause

because the record of the first trial was silent on the point. The court took no new testimony on the matter and ruled for Smiddy on cross-motions for summary judgment.

We review the grant of summary judgment *de novo* to determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Deukmejian v. United States Postal Service,* 734 F.2d 460, 462 (9th Cir.1984). We must view the evidence in the light most favorable to the party opposing the motion. *R.F.D. Publications, Inc. v. Oregonian Publishing Co.,* 749 F.2d 1327, 1328 (9th Cir.1984). But on this record there remain no disputed facts.

■ In the absence of record evidence contradicting the testimony in the deposition of the deputy district attorney, and in the absence of evidence that the officers were motivated by personal animus against Smiddy, the trial court should have ruled for the defense on the basis of the standard burden of proof, and the law of the case.

The burden was upon Smiddy to prove facts that would overcome the presumption mentioned in *Smiddy I* that the district attorney acted according to law. The presumption is a common device to direct the order of proof. *See* Cal.Evid.Code § 664 (West 1982). If Smiddy had contrary evidence, *e.g.,* that the district attorney was subjected to unreasonable pressure by the police officers, or that the officers knowingly withheld relevant information with the intent to harm Smiddy, or that the officers knowingly supplied false information, Smiddy had the burden to produce it. In the absence of evidence to rebut the presumption, the presumption was sufficient to require summary judgment for the defendants upon the specific point covered by the remand. The court should then have taken the appropriate steps with or without a jury, to reassess damages and attorneys' fees.

■ The ruling in *Smiddy I* is the law of the case, to the extent that it has not been modified or overturned by a supervening

Supreme Court decision. *Moore v. Jas. H. Mathews & Co.*, 682 F.2d 830, 833–34 (9th Cir.1982); 1B J.M. Moore, J.D. Lucas, T.S. Currier, *Moore's Federal Practice and Procedures* ¶ 0.404[10] at 4238 (2d ed. 1984).

Both parties urge us to consider the recent decision in *Malley v. Briggs,* —— U.S. ——, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). We see no inconsistency between that case and *Smiddy I.* Both cases apply qualified immunity to the conduct of the arresting officer. The *Malley* Court, moreover, did not have before it the issue addressed in *Smiddy I* concerning the immunizing effect of a prosecutor's decision to file a criminal complaint.

The district court's task, on remand, was to conduct those additional proceedings or inquiries which the appellate court's order required. It chose not to retry the case, but instead treated the effect of the district attorney's conduct as wholly irrelevant because of a jury verdict that did not consider the district attorney's conduct.

The district court simply reaffirmed its earlier view that the defendants were liable for all damages following the arrest, including the greater part of the injury suffered after the district attorney filed the complaint. That view of the law was expressly rejected in *Smiddy I.* The district court went on to say that the documents submitted on cross-motions for summary judgment established as a matter of law that the arresting officers set in motion a chain of events in which the prosecutor's decision "was a normal, foreseeable, and direct consequence of the actions of the police officers found to be tortious by the jury." This conclusion obviously does not follow.

■ The district court failed to take into consideration the point that both negligent investigations and nonnegligent investigations can result in reports presented to the prosecutor. The prosecutor has a duty to measure the facts in the report by legal standards and decide whether they add up to probable cause to prosecute. The possibility of less than perfect investigative conduct on the part of the police is no doubt one reason the law requires an exercise of the prosecutor's informed. discretion before the initiation of prosecution.

As *Smiddy I* noted, the prosecutor who filed the complaint and the magistrate who bound Smiddy over to the Superior Court are both law trained and are both immune from tort liability for their official decisions. It would be ironic if the presumably independent decisions of these immune officers would automatically result in enhanced liability for the nonimmune police officers. The arrest report may or may not have been negligently prepared. The jury thought it was. The report was, however, reviewed by persons presumably learned in the law and employed to review such reports for adequacy and probability of success on the merits. *Smiddy I* left room for enhanced liability in a case where the record shows a basis for rebutting the presumption of regularity, and cited some of the cases. *Smiddy I* at 267. *Smiddy I* did not authorize the district court to hold that a negligent police investigation invariably creates an unbroken chain of causation making the officers liable for all harm following the arrest. Neither does *Malley v. Briggs.*

■ Here the record, on which the plaintiff had the burden of supplying evidence, contained no evidence that the police performed in a manner that excused the prosecutor from the duty to screen the case. There was no record support for the trial court's position on remand that "the prosecutor who caused the complaint to be filed may have had a legal conclusion that probable cause existed, but that judgment was based almost entirely on the police investigation adjudged to be deficient by the jury."

The court of appeals would not have remanded this case to the district court for a new trial on damages if negligence in the preparation of the police investigation report were sufficient to overcome the presumption that the prosecutor independently exercised her official duty in instituting the

prosecution. This is not a case like *Dellums v. Powell*, 184 U.S.App.D.C. 275, 566 F.2d 167 (1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), where the court held that pressure, undue influence, or knowing misstatements by the police could rebut the presumption and extend the chain of causation.

We are mindful of the length of time that has elapsed since Smiddy's arrest. We are constrained nonetheless by the rule of law. In 1981 we decided, for this case, that the independent act of the prosecutor four days after Smiddy's arrest, unless shown to have been improperly influenced by the police officers, cut off further liability for damages suffered thereafter. That decision is the law of this case. Smiddy was in custody or released on bail from November 19, 1973, until January 23, 1974, to answer a complaint duly issued by the prosecutor's office. He was in custody for four days as the direct result of the arrest found by the jury to have been without probable cause. He was awarded one lump sum in damages for the entire period. We reluctantly remand again for the trial court to make an appropriate evaluation of the amount of damages apportionable to the conduct of these defendants, and to reduce the judgment accordingly. The city is entitled to recover its costs and attorneys' fees in this court on its successful appeals. Attorneys' fees should be adjusted in the district court in accordance with the terms of the remand in *Smiddy I* and with *Hensley v. Eckhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) and *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, —— U.S. ——, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

Vacated and remanded.