78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. MORGAN, Plaintiff-Appellant,
v.
CITY OF CHINO, Defendant,
and
Bruce Schofield, Defendant-Appellee.
 No. 94-55774.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1995.
Decided March 7, 1996.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and BURNS, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Morgan appeals the district court's grant of summary judgment to Schofield. Morgan asserts the district court erred when it did not require Schofield to carry the burden of showing the prosecutor exercised independent judgment when he made the decision to prosecute Morgan. Morgan further contends the district court erred when it held that Schofield was entitled to qualified immunity.
 
 
 4
 We review de novo a grant of summary judgment under the same standards used by the trial court pursuant to Fed.R.Civ.P. 56(c). Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 5
 Having heard the oral arguments of counsel, considered the briefs filed by the parties, reviewed the transcripts of depositions, and studied the district court record, we adopt the analysis and conclusions set forth in the district court's Order of April 18, 1994, granting summary judgment to Schofield.
 
 
 6
 Accordingly, we agree with the district court's conclusion that Morgan bore the burden of rebutting the presumption that the prosecutor exercised independent judgment when he decided to prosecute Morgan. See Barlow v. Ground, 943 F.2d 1132, 1136-37 (9th Cir.1991). See also Borunda v. Richmond, 885 F.2d 1384, 1390 (9th Cir.1988); Smiddy v. Varney, 803 F.2d 1469, 1471-72 (9th Cir.1986) ("Smiddy II"); and Smiddy v. Varney, 665 F.2d 261, 266-68 (9th Cir.1981), cert. denied, 459 U.S. 829 (1982) ("Smiddy I"). We further find Morgan presented (1) no evidence to support his assertion that Schofield conspired with Chino officers to file a false corroborating report for the purpose of inducing the prosecutor to bring legal action against Morgan, see Coverdell v. Dept. of Social & Health Services, 834 F.2d 758, 769 (9th Cir.1987) (in the absence of evidence to support nonmoving party's position, nonmoving party must designate specific facts to show the issue is genuine); (2) no evidence that Schofield's report set in motion the arrest or prosecution of Morgan; and (3) no evidence that Schofield's report in any way "prevented the prosecutor from exercising independent judgment." Barlow, 943 F.2d at 1136 (citing Borunda, 885 F.2d at 1390). We also find no other significant, probative evidence in the record to overcome the presumption that the prosecutor exercised independent judgment. We, therefore, agree with the district court that Morgan did not meet his burden.
 
 
 7
 When a plaintiff fails to overcome the presumption that the prosecutor exercised independent judgment in his or her decision to prosecute, investigating officers are immunized from any damages that may have been suffered by plaintiff. Smiddy II, 803 F.2d at 1471. See also Smiddy I, 665 F.2d at 266; Tachiquin v. Stowell, 789 F.Supp. 1512, 1520 (E.D.Cal.1992). We conclude, therefore, Schofield, as an investigating officer, is immune from liability for any injury Morgan may have suffered.
 
 
 8
 Based on the foregoing, we AFFIRM the district court's grant of summary judgment to Schofield.
 
 
 9
 In addition, Morgan requests attorneys' fees for his appeal pursuant to 42 U.S.C. § 1988. Morgan is not the prevailing party; therefore, his request for ATTORNEYS' FEES is DENIED.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3