133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Colleen FETTIG; Dorothy Carr; Cynthia Frye, Plaintiffs-Appellees,
v.
AMITY PUBLIC SCHOOL DISTRICT, a school district in the state
of Oregon; George Lanning, Superintendent of Amity Public
School District; Robert Johnstone, counsel for Amity School
District; Oregon State Police, an agency of the State of
Oregon; Alan Corson, a detective with the Oregon State
Police; Yamhill County District Attorney's Office, an
agency of the state of Oregon; Jennifer Jordon, Yamhill
County District Attorney; City of Amity, a municipal
corporation of the state of Oregon; Jim France, Chief of
Police for the city of Amity; Oregon Childrens Services
Division, an agency of the state of Oregon; Lea Huber;
Ronald Huber; Donna Huber; and Amada Hampton, Defendants-Appellants.
 Nos. 96-36164, 96-36223, 96-36227.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 6, 1998.
Decided: Jan. 15, 1998.
 
 Before: PREGERSON, TROTT, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the procedural and factual history of these consolidated cases, which we will not recount except as necessary to clarify our decision.
 
 A. Qualified Immunity
 
 3
 To determine if Defendants are entitled to qualified immunity on this interlocutory appeal, we may consider whether Plaintiffs' rights were clearly established as a matter of law when Defendants allegedly violated those rights. Johnson v. Jones, 515 U.S. 304, 311 (1995). When the facts are not in dispute, we also may consider whether, as a matter of law, Defendants acted reasonably. Act Up!/ Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993). However, we are not permitted to determine the reasonableness of Defendants' conduct, should such determination involve disputed facts. Ram v. Rubin, 118 F.3d 1306, 1308 (9th Cir.1997); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996).
 
 1. Clearly Established Rights
 
 4
 By January 1994, Plaintiffs' rights not to be detained without probable cause or subjected to malicious prosecution were clearly established. Bretz v. Kelman, 773 F.2d 1026, 1030-31 (9th Cir.1985) (en banc). Plaintiffs also had a clearly established right not to be indicted for conduct that was both legal and protected by the First Amendment. See Duran v. City of Douglas, Arizona, 904 F.2d 1372, 1376-77 (9th Cir.1990); Gasho v. United States, 39 F.3d 1420, 1438 (9th Cir.1994).
 
 
 5
 Assisting an adult woman to obtain an abortion was legal in Oregon in January 1994. The Free Speech Clause of the First Amendment secured Plaintiff Cynthia Frye the right to discuss abortion with Lea Huber in private, which is all that Defendants allege she did. Plaintiffs Dorothy Carr and Colleen Fettig, who were public employees on public school grounds when they allegedly counselled or assisted Lea Huber in obtaining an abortion, also had a clearly established right to do so. We have already held that "abortion and abortion rights are matters of great public concern." Johnston v. Koppes, 850 F.2d 594, 596 (9th Cir.1988). "[S]tatements by public officials on matters of public concern must be accorded First Amendment protection...." Pickering v. Board of Education, 391 U.S. 563, 574 (1968). It was clearly established long before 1994 that neither Carr nor Fettig could be criminally indicted or discharged for exercising their First Amendment rights. See Anderson v. Central Point Sch. Dist. No. 6, 746 F.2d 505, § 08 (9th Cir.1984).
 
 2. Reasonableness of Defendants' Behavior
 
 6
 Whether Police Chief France and Superintendent Lanning behaved reasonably depends in part upon their motives for conducting their investigations of Plaintiffs. Because France's and Lanning's entitlement to qualified immunity hinges on whether they retaliated against plaintiffs for exercising rights protected under the First and Fourteenth Amendments, and because unresolved issues of fact remain as to their motives, the district court correctly denied France and Lanning summary judgment. See Alexander v. City and County of San Francisco, 29 F.3d 1355, 1365 (9th Cir.1994).
 
 B. Absolute Immunity
 
 7
 A defendant asserting absolute immunity must show that she performed the conduct giving rise to the claim while functioning as an integral part of the.judicial process. Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983). The defendant bears the burden of demonstrating that her entitlement to absolute immunity is "justified by overriding considerations of public policy." Forrester v. White, 484 U.S. 219, 224 (1988).
 
 1. Prosecutor Jordan
 
 8
 Genuine issues of material fact remain as to whether Defendant Jordan was performing actions related to routine police investigative activity before the initiation of judicial proceedings against plaintiffs. In these circumstances, the district court properly denied Jordan absolute immunity. See Jacobson v. Rose, 592 F.2d 515, 524 (9th Cir.1978); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).
 
 2. Detective Corson
 
 9
 Triable issues of material fact remain as to whether Corson improperly influenced Prosecutor Jordan's decision to seek an indictment against Plaintiffs. Therefore, the district court properly denied Corson absolute immunity. See Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir.1986).
 
 3. Superintendent Lanning
 
 10
 On the record before us, some of Superintendent Lanning's conduct was investigative or administrative rather than judicial. Thus, he properly was denied absolute immunity. See Malley v. Briggs, 475 U.S. 335, 342 (1986); Wood v. Strickland, 420 U.S. 308, 313-22 (1975).
 
 C. Conclusion
 
 11
 Because the district court properly denied Defendants' motions for summary judgment on qualified or absolute immunity grounds, we affirm.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3