**Landu MVUEMBA, Plaintiff–Appellant,**

v.

**COUNTY OF LOS ANGELES; Young Hook; City of Los Angeles Police Department, Defendants,**

**and**

**City of Los Angeles, Defendant–Appellee.**

No. 00–56891.

D.C. No. CV–98–07541–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2002.[1]

Decided March 27, 2002.

Before BROWNING, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

The denial of Landu Mvuemba's ("Mvuemba's") request for a continuance to complete additional discovery pursuant to Federal Rule of Civil Procedure 56(f) was not an abuse of discretion. Such an abuse of discretion occurs only if the party requesting a continuance diligently pursued his previous discovery opportunities and can show how allowing additional discovery would have precluded summary judgment. *See Qualls v. Blue Cross of*

*California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). Mvuemba had approximately two years to complete discovery and failed to explain why he did not interview the shooting victims or obtain Officer Dean Vinluan's ("Vinluan's") personnel file from the City of Los Angeles ("City") during this extended period. Moreover, he failed to identify the specific, factual information he hoped to obtain from the interviews and personnel file and how that information would have precluded summary judgment.

The district court properly granted summary judgment for Vinluan because Mvuemba failed to create a genuine issue of material fact regarding whether the prosecutor exercised independent judgment in filing the felony complaint against Mvuemba. The filing of a criminal complaint immunized investigating officers from damages suffered by Mvuemba thereafter because it is presumed the prosecutor exercised independent judgment in determining probable cause existed for his arrest. *See Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir.1981). A plaintiff may rebut the presumption of prosecutorial independence by coming forward with facts showing the officer presented evidence to the prosecutor known by him to be false, *id.* at 266–267, but Mvuemba offered no such evidence.[3]

The district court did not abuse its discretion by refusing to admit into evidence a transcript of an interview with Andre Bradshaw offered by Mvuemba to show Vinluan presented false evidence to the prosecutor because he "coached" Bradshaw into picking out Mvuemba's picture from the photographic line-up. Affidavits supporting or opposing summary judgment must be made on personal knowledge. Fed.R.Civ.P. 56(e). Since Mvuemba's counsel was not present at the interview, the statement in his affidavit that the transcript was a "true and correct" copy of the interview was not based on personal knowledge. *See Kim v. United States*, 121 F.3d 1269, 1276–77 (9th Cir.1997). Mvuemba did not allege Vinluan presented any other "false" evidence.

AFFIRMED.

---

3. The presumption of prosecutorial independence may also be rebutted by facts showing the officer knowingly omitted relevant material information from his report with an intent to harm the plaintiff. *See Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir.1986). At summary judgment, Mvuemba argued the presumption was rebutted because Vinluan omitted material information from his statement of probable cause. Since he did not raise this issue on appeal, it is waived. *See Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n. 10 (9th Cir.1999) (failure to raise claims in opening brief waives any appeal from the district court's grant of summary judgment on those claims).