Roxanne **AYALA**; et al., Plaintiffs–Appellants,

v.

**KC ENVIRONMENTAL HEALTH;** et al., Defendants–Appellees.

Roxanne Ayala; et al., Plaintiffs–Appellants,

v.

**KC Environmental;** et al., Defendants–Appellees.

Nos. 06–15263, 06–15921.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Dec. 27, 2007.

Robert E. Dowd, Esq., Robert S. Domo, Esq., Robert E. Domo & Associates, Bakersfield, CA, for Plaintiffs–Appellants.

Charles F. Collins, County Counsel, Chief Deputy Specialist Litigation Administrative, Virginia Gennaro, Robert M. Sherfy, City Attorney's Office, Bakersfield, CA, Jacob Rivas, Marderosian Runyon Cercone and Lehman, Fresno, CA, for Defendants–Appellees.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

## MEMORANDUM *

The plaintiffs challenge the district court's grant of summary judgment. The record reflects that the prosecuting attor-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ney acted independently in bringing the action complained of. Nor have the plaintiffs alleged facts to show that a policy or custom caused the plaintiffs' alleged constitutional deprivation. We affirm.

## I

The district court granted summary judgment in favor of the individual defendants for the reasons that (1) the defendants did not initiate criminal proceedings; (2) the plaintiffs failed to show that the defendants acted with malice; (3) collateral estoppel prevented the plaintiffs from relitigating the issue of probable cause; and (4) the plaintiffs failed to show a favorable termination. Even if the court erred with respect to items (3) and (4), there is no triable issue of fact with respect to the initiation of criminal proceedings and the issue of malice.

"Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir.2004) (citing *Smiddy v. Varney*, 665 F.2d 261, 266–68 (9th Cir.1981) ("*Smiddy I* ")). However, "the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id.* The plaintiff has the burden of producing evidence to overcome this presumption at the summary judgment stage. *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir.1986) ("*Smiddy II* "). "In the absence of evidence to rebut the presumption, the presumption [is] sufficient to require summary judgment for the defendants." *Id.*

█ The record shows that Smith, rather than the named defendants, initiated the criminal prosecution. Smith also personally visited the plaintiffs' properties and conducted an independent investigation with respect to Count III. Though Buss signed the criminal complaint against the plaintiffs, Smith wrote the complaint, made the decision that probable cause existed to prosecute the plaintiffs, and made the decision to criminally prosecute plaintiffs.

Likewise, the record fails to show any facts that would support the inference that O'Rullian, Gray, or Buss exerted pressure on Smith or provided mis-information to Smith. The plaintiffs assert that O'Rullian "encourag[ed]" Smith to prosecute the plaintiffs because he "turned the elderly ladies over to Smith." The record, however, merely shows that O'Rullian referred Kinney and Honeycutt to the prosecutor's office, not that he "encouraged" their prosecution. The plaintiffs also assert that O'Rullian provided misinformation to the prosecution when he reported that there was hazardous waste on plaintiffs' properties. There is no evidence that O'Rullian's reports were false. Though the plaintiffs might disagree with the contents of O'Rullian's reports, "a plaintiff's account of the incident in question, by itself, does not overcome the presumption of independent judgment." *Newman v. County of Orange*, 457 F.3d 991, 994 (9th Cir.2006).

The plaintiffs have failed to provide any evidence to overcome the presumption of prosecutorial independence. In addition, the record contains no evidence that the defendants acted with malice. It merely supports the contention that the defendants were acting within the scope of their job responsibilities by investigating com-

plaints. Summary judgment was appropriate.

Since there is no triable issue of whether a constitutional violation occurred, the district court properly found that the individual defendants were entitled to qualified immunity. *See Cunningham v. City of Wenatchee,* 345 F.3d 802, 810 (9th Cir. 2003).

## II

■ To maintain a § 1983 action against a local government, a plaintiff must establish that the alleged constitutional violation was the product of a policy or custom of the local government unit. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Nothing alleged raises a genuine issue of material fact as to whether the alleged violation was the product of a policy or custom of the City of Bakersfield or Kern County. It was appropriate for the district court to grant summary judgment in favor of these defendants.

## III

■ The plaintiffs argue that the district court erred by denying their post-deadline motion for an enlargement of time under Federal Rule of Civil Procedure 6(b)(2). Rule 6(b)(2) permits the filing of a post-deadline motion "where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b)(2).

The district court did not abuse its discretion in denying plaintiffs' motion. The court reasonably determined that the plaintiffs "were well aware of defendants' pending summary judgment motion and chose to ignore, or at a minimum chose to delay addressing, the motion until prompted by a staff member of this Court days after opposition papers were due." Further, the claims that plaintiffs' counsel did not practice frequently in federal court and was busy with other business generally do not constitute excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1387 (11th Cir.1981). Finally, plaintiffs' motion was procedurally deficient because it was filed ex parte, in violation of *North Umberland Mining Co. v. Standard Accident Ins. Co.,* 193 F.2d 951, 952 (9th Cir.1952), and local rules of practice.

For similar reasons, the district court did not abuse its discretion in denying plaintiffs' subsequent Rule 60(b)(1) motion.

**AFFIRMED.**