**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRA SOLIS, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> RONALD J. OULES, Chief of Police, in his individual capacity, <br><br> Defendant - Appellant, <br><br> and <br><br> CITY OF BREWSTER, a municipal corporation; TIMOTHY RIEB, an Officer, in his individual capacity, <br><br> Defendants. | No. 09-35497 <br><br> D.C. No. 2:08-cv-00021-EFS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted April 8, 2010
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, LUCERO,[**] and N.R. SMITH, Circuit Judges.

Police Chief Ronald Oules ("Oules") appeals the denial of qualified immunity. Oules, Officer Timothy Rieb ("Rieb"), and the City of Brewster also appeal denial of their summary judgment efforts for a determination that Alejandra Solis ("Solis") cannot use this 42 U.S.C. § 1983 action to recover attorneys' fees incurred in her successful state court defense of criminal charges. We affirm in part, reverse in part, and remand.

This case arose from the stop of Solis's vehicle under Oules's mistaken belief that Washington law criminalized cutting through private property to avoid a stop sign.

Adhering to *Saucier v. Katz*, we follow a two-step analysis for a qualified immunity inquiry, asking first whether a constitutional right was violated on the facts alleged, "[t]aken in the light most favorable to the party asserting the injury," and second, "whether the right was clearly established." 533 U.S. 194, 201 (2001). Though *Pearson v. Callahan* provides us flexibility in deciding which step of the analysis to address first, 129 S. Ct. 808, 813 (2009), we need not deviate from the

---

[**] The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

typical inquiry because whether a constitutional right was violated here is straightforward.

Neither of the statutes upon which Oules relies contains any language relating to "corner cutting" or cutting through private property to allegedly avoid a traffic control device. *See* Wash. Rev. Code §§ 46.61.050; 46.61.140. Oules thus violated Solis's Fourth Amendment right to be free from unreasonable searches and seizures when he stopped her vehicle and apparently removed her from it under a law that did not criminalize her behavior. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009).

Nevertheless, we find that Oules's mistake would not have been necessarily clear to a reasonable officer in this circumstance. *See Saucier*, 533 U.S. at 202. One of the statutes Oules relied on requires drivers to "obey" a traffic control device. Wash. Rev. Code § 46.61.050. The uncertainty on the face of the statute and Oules's inquiry to the Washington State Patrol provide a sufficient basis for Oules's reasonable belief that his conduct was lawful. *See Kulas v. Valdez*, 159 F.3d 453, 456 (9th Cir. 1998). Oules should have therefore enjoyed qualified immunity for the wrongful stop.

We note, however, that our conclusion on immunity for the legality of the stop says nothing about whether Oules's may or may not have used excessive force once he stopped Solis.

Oules, Rieb, and the City of Brewster also appeal the district court's denial of summary judgment on their claim that they cannot be liable for Solis's attorneys' fees for her successful defense of the state criminal charges arising out of these events. Citing our decision in *Smiddy v. Varney*, they claim we have jurisdiction to hear the appeal of this issue because it involves an "immunity." *See* 803 F.2d 1469 (9th Cir. 1986), *modified on denial of rehearing*, 811 F.2d 504 (1987). But unlike *Smiddy*, in which the plaintiff already had a civil *trial* concerning his § 1983 action for damages, here there are only two partial denials of summary judgment. Therefore, we lack jurisdiction unless the appeal of this issue fits within the collateral order doctrine. *See* 28 U.S.C. § 1291; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

We do not have jurisdiction under the collateral order doctrine to review whether the recovery of fees would be an appropriate component of Solis's damage claim. The denial of summary judgment on liability for her state court defense costs is tentative and is merely a measure of damages that can be reviewed at a later stage: after a liability determination. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 41-42 (1995).

4

Finally, we reject Solis's assertion that she is a "prevailing party" in a § 1983 action, thus meeting the requirements under 42 U.S.C. § 1988 to be eligible for attorneys' fees for this appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.** Each party shall bear its own costs on appeal.