NOT FOR PUBLICATION

FILED

NOV 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH L. MARSH, | No. 09-55887 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-01568-JLS-AJB |
| v. | |
| COUNTY OF SAN DIEGO; M. L. MURPHY, M.D.; DAVID L. CHADWICK, M.D.; ROGER A. WILLIAMS, M.D.; CHILDREN'S HOSPITAL MEDICAL CENTER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted October 4, 2010

Pasadena, California

Before:    WARDLAW and W. FLETCHER, Circuit Judges, and TIMLIN,
Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

Kenneth Marsh appeals the district court's denial of his partial summary judgment motion and its grant of summary judgment to appellees Children's Hospital Medical Center (also known as Rady Children's Hospital, or "RCH"), Dr. David Chadwick, Dr. Roger Williams, and the County of San Diego. We affirm the district court.

To prevail on his § 1983 claims against RCH, Dr. Chadwick, and Dr. Williams, Marsh had to show that the appellees' actions were "actively instrumental in causing the initiation of legal proceedings" against Marsh. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004); *see also Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986). The district court correctly found that Marsh failed to produce evidence sufficient to create a genuine issue of material fact on this issue. The prosecutor testified that his decision to prosecute was based primarily on the lack of blood at the crime scene and his common-sense assumption that deep neck cuts would bleed profusely. The prosecutor was also entitled to consider evidence that Phillip had suffered severe and unexplained medical problems that began after Marsh moved into the home of Phillip and his mother; that the autopsy revealed injuries that were not caused by the fall, such as two broken hands, one of which had never been treated; that every doctor who treated Phillip at the time thought abuse was likely; and that short falls are rarely

2

fatal. This evidence was sufficient to justify the prosecutor's independent decision to prosecute. The fact that medical knowledge has evolved since Phillip's death does not undermine the prosecutor's actions at that time. Therefore, the § 1983 claims fail. The state-law malicious prosecution claim fails for the same reason.

We also affirm the grant of summary judgment on Marsh's *Monell* claims against the County. Marsh did not produce evidence that doctors performing autopsies are necessarily required to have forensic pathology certifications, or that the county had a policy or practice of hiring unqualified doctors to perform autopsies. Nor did Marsh produce evidence that Dr. Williams's lack of certification produced any flaws in his autopsy of Phillip. Marsh produced no evidence that Dr. Williams knew in 1983 that Mannitol could exacerbate intercranial bleeding, that Dr. Williams had any motivation to conceal the effects of Mannitol administration, or that Dr. Williams in fact concealed anything related to the Mannitol administration. Paul Pfingst's statements in 1992 were made as a private advocate, three years before Pfingst became the County's District Attorney. Marsh has produced no evidence that Pfingst had specific views in 1995 on Dr. Chadwick's performance in Marsh's case. Further, his view that Dr. Chadwick interpreted medical data aggressively in general was a prosecutor's opinion about a

3

witness. Marsh has presented no evidence that Pfingst believed that Dr. Chadwick's testimony was perjured.

We also affirm the grant of summary judgment to appellees on the state-law tort claims. All of the appellees' alleged tortious actions are protected by California's litigation privilege. Cal. Civ. Code 47(b); *Hagberg v. Cal. Fed. Bank FSB*, 32 Cal. 4th 350, 360-65, 375 (Cal. 2004). Therefore, the intentional infliction of emotional distress and conspiracy claims fail.

Finally, we affirm the district court's denial of Marsh's motion for partial summary judgment. The Victim Compensation Board hearing did not fulfill the requirements of *Taylor v. Sturgell*, 553 U.S. 880, 900 (2008), and so was not entitled to preclusive effect.

Dr. Chadwick and RCH's motion to strike sections II, VII, and VIII from Marsh's reply brief is denied as moot.

**AFFIRMED.**