**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD J. COLLINS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF COLTON, a public entity; et al., <br><br> Defendants-Appellees. | No.  17-55634 <br><br> D.C. Nos. <br> 5:15-cv-01771-CAS-KK <br> 5:15-cv-02470-CAS-KK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted June 8, 2018
Pasadena, California

Before:  LIPEZ,[**] TALLMAN, and OWENS, Circuit Judges.

Appellant Ronald J. Collins brought suit against the appellees—Police Detective Jack Morenberg, the City of Colton, and Scott Chadwick, the owner of a car dealership—for, among other claims, unreasonable seizure of Collins' vehicle and documents by Detective Morenberg, malicious prosecution by Detective

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Morenberg and Chadwick, and the intentional infliction of emotional distress (IIED) by Detective Morenberg. After discovery, the district court granted defendants' motions for summary judgment on all counts. Collins appeals that judgment. We review de novo a district court's grant of summary judgment. *See Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011). As the parties are familiar with the facts, we do not further recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. *Unreasonable Seizure*. Collins asserts that Detective Morenberg's warrantless seizure of his truck, and the documents contained therein, lacked probable cause, and, therefore, violated the Fourth Amendment's protections against unreasonable seizure. *See United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985) (holding that under the automobile exception "the existence of probable cause alone justifies a warrantless search or seizure of a vehicle"). Collins brings this claim pursuant to 42 U.S.C. § 1983. Determinations of probable cause are "evaluated in light of the totality of the circumstances." *United States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001). The existence of probable cause is solely "based upon the information the officer had at the time," not what information was subsequently discovered. *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008). "Probable cause is an objective standard. The arresting officers' subjective intention . . . is immaterial in judging whether their actions were reasonable for Fourth Amendment

purposes." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

It is undisputed that (1) Chadwick reported the theft of a set of license plates to the police; (2) Chadwick showed Detective Morenberg a DMV statement reporting that Collins purchased a truck from him as an out-of-state sale, with no license fee paid; (3) Chadwick told Detective Morenberg that he had instructed an employee to remove the license plates from the truck before Collins took ownership of it; and (4) Detective Morenberg discovered the plates affixed to Collins' truck, at an in-state motel. On these undisputed facts, judged according to an objective standard at the time the truck was seized, "a prudent person would have concluded that there was a fair probability that [the accused] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). Collins fails to put forth evidence to place probable cause in genuine dispute. Accordingly, Collins fails to show that Detective Morenberg violated his Fourth Amendment rights by seizing the truck. *See Bagley*, 772 F.2d at 491.

2. *Malicious Prosecution*. As for Collins' respective malicious prosecution claims against Detective Morenberg and Chadwick—the former a § 1983 claim and the latter a common law claim under state law—Collins puts forth insufficient facts to rebut the "*Smiddy* presumption." *See Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) (*Smiddy I*), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008). "*Smiddy I* held that there is a rebuttable presumption

that a prosecutor exercises independent judgment regarding the existence of probable cause in filing a complaint. The presumption can be overcome, for example, by evidence that the officers knowingly submitted false information[.]" *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986) (*Smiddy II*). Unless the presumption is overcome, it "insulates the [appellees] from liability for harm suffered after the prosecutor initiated formal prosecution." *Id*. We have also held that "a plaintiff's account of the incident in question, by itself, does not overcome the presumption of independent [prosecutorial] judgment" because "[a] suspect's account of an incident, by itself, is unlikely to influence a prosecutor's decision." *Newman v. Cty. of Orange*, 457 F.3d 991, 994-95 (9th Cir. 2006) (emphasis omitted).

Collins has not carried his burden of producing evidence that Detective Morenberg or Chadwick knowingly supplied false information to the charging authorities, thereby improperly furthering Collins's prosecution. *See Smiddy*, 803 F.2d at 1471. To the extent that Collins identifies any genuine inconsistencies in Detective Morenberg's or Chadwick's accounts, nothing Collins puts forth shows that the information they conveyed to the prosecutors was knowingly false. Summary judgment, therefore, was proper as to Collins' respective malicious prosecution claims against Detective Morenberg and Chadwick.

3. *Municipality Liability*. Collins' sole claim against the City of Colton is a municipal liability § 1983 claim based on the policies that led to his averred

malicious prosecution by Detective Morenberg. Pursuant to *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978), municipalities may be held liable under § 1983 when "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). As a municipal liability claim requires the actual deprivation of a constitutional right, and we have found that summary judgment was proper as to the malicious prosecution claim against Detective Morenberg, summary judgment was likewise proper as to the City of Colton.

4. *Intentional Infliction of Emotional Distress*. Lastly, the district court correctly granted summary judgment against Collins on his IIED claim against Detective Morenberg. An IIED claim requires, in part, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993)). Collins' IIED claim is based almost entirely on the same conduct underlying the averred constitutional claims against Detective Morenberg—the unreasonable seizure of the truck and the malicious prosecution—that we have already found to merit summary judgment. As to Collins' additional assertion that Detective Morenberg spoke to him in a rude and dismissive manner, liability for emotional

distress generally "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Cole v. Fair Oaks Fire Prot. Dist.*, 729 P.2d 743, 746 n.7 (Cal. 1987) (quoting Restatement (Second) of Torts § 46 cmt. d (Am. Law Inst. 1965)).

Costs are awarded to the appellees. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED**.