

**FILED**

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD J. COLLINS,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>CITY OF COLTON, a public entity; JACK MORENBERG; SCOTT CHADWICK, Consol, an individual (Defendant in member case EDCV 15-02470 CAS (KKx)); DOES, 1-30, inclusive,<br><br>        Defendants-Appellees. | No.   17-55634<br><br>D.C. Nos.<br>5:15-cv-01771-CAS-KK<br>5:15-cv-02470-CAS-KK<br>Central District of California,<br>Riverside<br><br>ORDER |

Before: LIPEZ,[*] TALLMAN, and OWENS, Circuit Judges.

The memorandum disposition filed on June 29, 2018 is hereby amended. The amended memorandum disposition will be filed concurrently with this order.

The panel has voted to deny the petition for rehearing. The petition for rehearing is DENIED.

No further petitions for panel rehearing or petitions for rehearing en banc will be entertained. The mandate in this case shall issue forthwith.

---

[*] The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD J. COLLINS, | No. 17-55634 |
| Plaintiff-Appellant, | D.C. Nos. |
| v. | 5:15-cv-01771-CAS-KK |
| | 5:15-cv-02470-CAS-KK |
| CITY OF COLTON, a public entity; et al., | |
| | AMENDED MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted June 8, 2018
Pasadena, California

Before: LIPEZ,[**] TALLMAN, and OWENS, Circuit Judges.

Appellant Ronald J. Collins brought suit against the appellees—Police

Detective Jack Morenberg, the City of Colton, and Scott Chadwick, the owner of a

car dealership—for, among other claims, unreasonable seizure of Collins' vehicle

and documents by Detective Morenberg, malicious prosecution by Detective

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

Morenberg and Chadwick, and the intentional infliction of emotional distress (IIED) by Detective Morenberg. After discovery, the district court granted defendants' motions for summary judgment on all counts. Collins appeals that judgment. We review de novo a district court's grant of summary judgment. *See Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011). As the parties are familiar with the facts, we do not further recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. *Unreasonable Seizure*. Collins asserts that Detective Morenberg's warrantless seizure of his truck, and the documents contained therein, lacked probable cause, and, therefore, violated the Fourth Amendment's protections against unreasonable seizure. *See United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985) (holding that under the automobile exception "the existence of probable cause alone justifies a warrantless search or seizure of a vehicle"). Collins brings this claim pursuant to 42 U.S.C. § 1983. Determinations of probable cause are "evaluated in light of the totality of the circumstances." *United States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001). The existence of probable cause is solely "based upon the information the officer had at the time," not what information was subsequently discovered. *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008). "Probable cause is an objective standard. The arresting officers' subjective intention . . . is immaterial in judging whether their actions were reasonable for Fourth Amendment

purposes." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

It is undisputed that (1) Chadwick reported the theft of a set of license plates to the police; (2) Chadwick showed Detective Morenberg a DMV statement reporting that Collins purchased a truck from him as an out-of-state sale, with no license fee paid; (3) Chadwick told Detective Morenberg that he had instructed an employee to remove the license plates from the truck before Collins took ownership of it; and (4) Detective Morenberg discovered the plates affixed to Collins' truck, at an in-state motel. On these undisputed facts, judged according to an objective standard at the time the truck was seized, "a prudent person would have concluded that there was a fair probability that [the accused] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). Collins fails to put forth evidence to place probable cause in genuine dispute. Accordingly, Collins fails to show that Detective Morenberg violated his Fourth Amendment rights by seizing the truck. *See Bagley*, 772 F.2d at 491.

2. *§ 1983 Malicious Prosecution*. As for Collins' malicious prosecution claim against Detective Morenberg pursuant to § 1983, Collins puts forth insufficient facts to rebut the "*Smiddy* presumption." *See Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) (*Smiddy I*), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008). "*Smiddy I* held that there is a rebuttable presumption that a prosecutor exercises independent judgment regarding the existence of

probable cause in filing a complaint. The presumption can be overcome, for example, by evidence that the officers knowingly submitted false information[.]" *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986) (*Smiddy II*). Unless the presumption is overcome, it "insulates the arresting officers from liability for harm suffered after the prosecutor initiated formal prosecution." *Id*. We have also held that "a plaintiff's account of the incident in question, by itself, does not overcome the presumption of independent [prosecutorial] judgment" because "[a] suspect's account of an incident, by itself, is unlikely to influence a prosecutor's decision." *Newman v. Cty. of Orange*, 457 F.3d 991, 994-95 (9th Cir. 2006) (emphasis omitted).

Collins has not carried his burden of producing evidence that Detective Morenberg knowingly supplied false information to the charging authorities, thereby improperly furthering Collins' prosecution. *See Smiddy*, 803 F.2d at 1471. To the extent that Collins identifies any genuine inconsistencies in Detective Morenberg's account, nothing Collins puts forth shows that the information he conveyed to prosecutors was knowingly false. Summary judgment, therefore, was proper as to Collins' malicious prosecution claim against Detective Morenberg.

3. *State Law Malicious Prosecution*. As to Collins' state common law malicious prosecution claim against Chadwick, summary judgment was proper because Collins failed to put forward facts which genuinely dispute whether Chadwick had probable cause to file the police report. *See Siebel v. Mittlesteadt*,

161 P.3d 527, 530 (Cal. 2007) (explaining that a lack of probable cause is one of the three elements of a state law malicious prosecution claim). The Supreme Court of California has instructed that there should be "stringent enforcement of the probable cause element of the malicious prosecution tort," and "[i]t is up to malicious prosecution plaintiffs to ensure that their lawsuits can survive the rigorous judicial scrutiny given to such actions." *Id.* at 534 (quoting *Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 505 (Cal. 2004)).

Chadwick has offered undisputed evidence that he possessed probable cause to file the police report, including: (1) Chadwick's sworn testimony that he instructed the removal of the license plates from Collins' truck prior to Collins driving away from the lot; (2) Flores' declaration that not only did Chadwick tell him to remove the license plates, but that he, in fact, removed them; (3) the DMV statement of facts which states that Collins did not pay California sales tax or license fees because the sale of the truck was to be recorded as an out-of-state sale; and (4) the photo of Collins' truck with the license plates affixed to it, which was in Chadwick's possession prior to notifying the police.

In response, Collins never directly contends, under oath, that the plates were actually on his truck when he drove it away. Moreover, while Collins is correct that the sale documents for the truck do not memorialize the plates' removal, neither do they affirmatively state that the license plates were left on the truck. Such an

omission, therefore, does not contravene Flores' deposition statement that he removed the license plates at the time of sale. Finally, although Collins makes numerous claims about when Chadwick learned that Collins possessed the license plates or whether Chadwick had malicious intent when he filed the police report, such claims are ultimately immaterial. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009) (reasoning that "it is unnecessary for us to reach [the malice] element because probable cause is an absolute defense to malicious prosecution"); *see, e.g., Williams v. Taylor*, 181 Cal. Rptr. 423, 428-29 (Cal. Ct. App. 1982) (affirming summary judgment as to a malicious prosecution claim after determination of the probable cause element). There is no evidence raising a triable issue of fact as to whether Chadwick had sufficient probable cause to seek initiation of criminal charges against Collins.

4. *Municipality Liability*. Collins' sole claim against the City of Colton is a municipal liability § 1983 claim based on the policies that led to his averred malicious prosecution by Detective Morenberg. Pursuant to *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978), municipalities may be held liable under § 1983 when "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). As a municipal liability claim requires the actual deprivation of a constitutional right, and

we have found that summary judgment was proper as to the malicious prosecution claim against Detective Morenberg, summary judgment was likewise proper as to the City of Colton.

5. *Intentional Infliction of Emotional Distress*.  Lastly, the district court correctly granted summary judgment against Collins on his IIED claim against Detective Morenberg.  An IIED claim requires, in part, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993)).  Collins' IIED claim is based almost entirely on the same conduct underlying the averred constitutional claims against Detective Morenberg—the unreasonable seizure of the truck and the malicious prosecution—that we have already found to merit summary judgment.  As to Collins' additional assertion that Detective Morenberg spoke to him in a rude and dismissive manner, liability for emotional distress generally "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Cole v. Fair Oaks Fire Prot. Dist.*, 729 P.2d 743, 746 n.7 (Cal. 1987) (quoting Restatement (Second) of Torts § 46 cmt. d (Am. Law Inst. 1965)).

Costs are awarded to the appellees. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED**.