

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT H. LUKE,

         Plaintiff-Appellant,

  v.

CITY OF TACOMA; et al.,

         Defendants-Appellees,

 and

FRANK KRAUSE,

         Defendant.

No. 21-35440

D.C. No. 3:18-cv-05245-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 8, 2022[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  GILMAN,[***] IKUTA, and MILLER, Circuit Judges.

Robert Luke appeals the district court's grant of summary judgment on his claims under 42 U.S.C. § 1983 and Washington state law in favor of individual defendants Sean Gustason, Mike Ake, and Donald Ramsdell, and municipal defendants City of Tacoma and City of Tacoma Police Department (TPD).  We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in holding that no reasonable juror could find in favor of Luke on his claim for malicious-prosecution under § 1983.  First, an essential element of the malicious prosecution tort under Washington law is the absence of probable cause, *see Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (citing *Clark v. Baines*, 150 Wash.2d 905, 911 (2004)), and no reasonable juror could find in Luke's favor on that element because the evidence uncovered in Detective Schieferdecker's investigation is "sufficient to warrant a prudent person to believe," *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (citation omitted), that Luke obtained control of TPD property exceeding $750 in value by means of deception and with the intent to deprive the TPD of that property, *see* Wash. Rev. Code §§ 9A.56.020(b), 9A.56.040(1)(a).

[***]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Second, Prosecutor Peters's decision to press charges raises a presumption of prosecutorial independence that insulates the individual defendants from liability, *see Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986), and no reasonable juror could find that any of the individual defendants submitted false information to Peters, pressured Peters to act contrary to his independent judgment, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct sufficient to rebut the presumption of prosecutorial independence,[1] *see Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). We reject Luke's argument that the district court ignored circumstantial evidence and expert testimony establishing that the individual defendants knew or should have known of defects in Detective Schieferdecker's investigation, because the circumstantial evidence that Luke alleges is either not supported by the record or does not create a genuine dispute of material fact as to whether Luke has overcome the presumption of prosecutorial independence.

The district court did not err in holding that no reasonable juror could find in favor of Luke on his claim for municipal liability because such liability is

---

[1] Because of the absence of evidence upon which a reasonable juror could find that the individual defendants engaged in wrongful or bad faith conduct, we also reject Luke's argument that the individual defendants acted with deliberate indifference and are therefore liable for their own "culpable action or inaction," *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

"contingent on a violation of constitutional rights," *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994), and no reasonable juror could find a violation of Luke's constitutional rights.

Finally, the district court did not err in holding that no reasonable juror could find in favor of Luke on his claims under Washington state law. First, Ake's alleged communication to Fiola and Cooper is a "communication to a single person or a small group [that] does not qualify" as publicity for the purposes of a false-light claim. *Fisher v. State ex rel. Dep't of Health*, 125 Wash. App. 869, 879 (2005) (citing Restatement (Second) of Torts § 652D (1977)). Second, because the undisputed evidence established that Luke's termination was based on the fact that Luke was charged with a felony, and that Luke's conduct reflected "an integrity issue" and posed "issues of liability, safety (working long hours) and the appearance of wrong doing," no reasonable juror could find that Ake's conversation with Fiola—which occurred well before the criminal investigation into Luke's conduct began—was the proximate cause of Luke's termination, a necessary element of Luke's claim for tortious interference with a business

expectation.[2] *See Mut. of Enumclaw Ins. Co. v. Gregg Roofing, Inc.*, 178 Wash. App. 702, 714 (2013). Moreover, no reasonable juror could find that Ake's communication with Fiola was "improper," and Luke does not identify a "statute, regulation, recognized rule of common law, or an established standard of trade or profession" that Ake violated when he discussed Luke's employment status at the TPD with Fiola,[3] *Moore v. Com. Aircraft Interiors, LLC*, 168 Wash. App. 502, 510 (2012).

**AFFIRMED.**

---

[2] We need not address Luke's argument that Detective Schieferdecker also tortiously interfered with his contract with the Port because Detective Schieferdecker is not a defendant in the case.

[3] In his opening brief, Luke did not challenge the district court's grant of summary judgment in favor of the defendants on his claim for negligent infliction of emotional distress, nor did he challenge the district court's dismissal of his claim for a hostile work environment under Wash. Rev. Code § 49.60. Luke has therefore forfeited any such challenges. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).